Judge Underwood,
delivered the opinion of tho court.
MitcheiiI. filed his bill in the Montgomery circuit court, against Stewart and Bremer, m which he charges, that he had obtained a judgment before a justice of the peace, in the county of Montgomery, *552 against Stewart; that Stewart had obtained a judgment *n Eath circuit court against him, which judgment _Stewart had fraudulently assigned to Bremer; and that Stewart was insolvent. Whereupon, Mitchell prayed, •that the judgment in Bath might be injoined, and that the judgment in his favor, before the justice, in Mont- > ■ gomery county, might be set off against the judgment in Bath. Upon filing the bill, the court granted an injunction. At a subsequent term, Bremer objected to the jurisdiction of the Montgomery circuit court. Upon consideration, the court dissolved the injunction, with damages, and dismissed the bill with costs. To reverse this decree, Mitchell prosecutes a writ of error. The only question is, had the Montgomery circuit court jurisdiction of the cause?
A and B hold íenderecfin different ■counties a&lem execu tion on judgment against Bis r°QUert'11 found^'mder the statate giving chan-jé reachWer debtor’schoses in actiona tioi to lB’s/nC~ judgment may be filed in the A’s^u<3»Tnent lies. ° •
It is to be inferred, from the service of the subpoena, that the defendants lived in Montgomery. A second execution, which issued on the judgment in favor of Mitchell, directed to Estill county, was returned in November, 1826,“no property found.” Now, this return, un3ei> the sixth section of the act of 1821, authorizing the chancellor to reach -chases in action, &c. belonging to debtors, (I Dig., 505,) would justify granting the re-hef sought in this suit, provided the return lias been made by the “proper officer.” There is nothing apparent in the record, which will enable us to say, that the execution was improperly directed to Estill. Consequently, we must take the return made upon it, as the act of the “proper officer;” and hence, the case is brought fully within the operation of the said sixlh. section of the act of 1821. Regarding the bill filed as a proceeding to enforce the collection of the judgment jn favour of Mitchell, the Montgomery circuit court Nearly had jurisdiction. Whether the circuit court of one county can injoin a judgment at law in another county, where the parties at law and in chancery are the same, and where they are domiciliated in the county, in the circuit of which the bill is filed, independent of •the provisions of the act of 1821, for the purpose of letting in some equitable defence against the judgment, is a question which is not necessarily presented in this case. The doctrine on this subject is laid down in Mason vs. Chambers.
We are clearly of opinion, that a complainant, presenting himself in Mitchell’s attitude, under the act of *553 Í821, .may legally claim the exercise of the restraining powers of the chancellor, and that it was not improper to award the injunction, which was granted in the first instance, in this case. How the injunction should be finally disposed of, is another matter. The court will decide that, when the cause is prepared for trial.
Amos Davis, for plaintiff; Hanson, for defendants.
The decree is reversed, and the cause remanded, with directions to the court, to entertain jurisdiction; to permit the defendants to answer the bill, and to take the necessary steps to bring the causé to a trial 'on the merits. The plaintiff in error must recover his costs.